Paul R. Dougherty and Florence Dougherty v. Commissioner.
Dougherty v. Commissioner
Docket No. 744-69-SC.
United States Tax Court
T.C. Memo 1970-42; 1970 Tax Ct. Memo LEXIS 316; 29 T.C.M. (CCH) 186; T.C.M. (RIA) 70042; February 17, 1970, filed *316 [Business expenses: Education: Assistant supervisor schools: Tour of foreign countries: Comparative educational methods: Maintain or improve job skills.] Petitionerwife is an administrative assistant to the supervisor of a group of public schools. Her duties include developing courses of study and choosing curriculum materials to be used in five elementary schools. During 1967 petitioner joined a group of educators in a tour of several foreign countries. The trip was designed to teach the participants about the methods of education employed in the countries visited. Held, the cost of the trip represents a deductible education expense because the major portion of the trip maintained and improved skills required by the petitioner in her employment. Sec. 1.162-5, Income Tax Regs., as amended by T.D. 6918, 1967-1 C.B. 36. Sal Germano, Akron Savings & Loan Bldg., Akron, Ohio, for the petitioner. J. Edward Friedland, for the respondent. HOYT
Memorandum Findings of Fact and Opinion HOYT, Judge: Respondent determined a deficiency in petitioner's income tax for the calendar year 1967 in the amount of $546.83. The only issue for decision is whether petitioner is entitled to deduct $2,195 of the total cost of a trip to several foreign countries, as an ordinary and necessary business expense for education. Findings of Fact Paul R. and Florence Dougherty are husband and wife, and resided in Uniontown, Ohio, at the time of the filing of their petition in this case. They filed a joint income tax return for the calendar year 1967 with the district director of internal revenue for the northern district of Ohio. Paul is a petitioner in this case only because a joint return was filed. Florence will hereinafter be referred to as the petitioner. Prior to 1969, petitioner was a teacher for 32 years, *318 25 of which she taught in various public schools in Akron, Ohio. During this period she was a classroom teacher for grades two through eight for 22 years, and was a "resource teacher" for grades four, five, and six for three years. In 1965 Florence was licensed by the Ohio state board of education as a "professional educational administrative specialist" in the field of "instructional service." Prior to that time she obtained employment with the Green Local Schools, located in the vicinity of Greensburg, Ohio, as an administrative assistant to the superintendent, a position which she has held up to the time of the trial. Her current license as an educational administrative specialist is valid until September 1, 1977. Her primary duties as an administrative assistant have been to supervise the teachers of the elementary grades during actual class periods, to develop the courses of study, and to choose the curriculum materials to be used in these grades for all five of the Green schools. She is also in charge of adult education, the summer school program, and three programs administered pursuant to Federal statute. The latter are concerned with educationally disadvantaged children, *319 library resources, and certain "innovated programs" which are not described in the record. Each year between 1956 and 1967, Delta Kappa Gamma (a national teachers' honorary society), the Comparative Education Society, and Kent State University sponsored group trips entitled "seminars and field studies" to various foreign countries. These trips were initiated and planned by Gerald Read, who was the head of the 187 department of secondary education at Kent State University and treasurer of the Comparative Education Society. Read initiated the trips by contacting leading educators, governmental administrators of education, and representatives of teachers' associations in the particular foreign countries to be visited. Those who were contacted in each county formed "planning committees" for the purpose of working out all details of the tour group's itinerary for their particular geographical area, including seminars and lectures which the tour group would attend. Read coordinated the proposed itineraries and agreed with the local planning committee on the dates of arrival and departure. A tentative itinerary was then circulated about one year prior to each trip for the purpose *320 of attracting participants. Members of the local planning committee were in full charge of the details of the daily activities of the tour group. Often the actual itinerary which was followed differed from the one which had been proposed a year or so before the trip. Petitioner has been a participant in each of the above tours since 1962. For those who were interested, the participants were allowed to treat each tour as a summer course in comparative education for six semester hours of credit at Kent State University. To obtain credit for the course, the student was required to read several books and submit a written account of the information obtained on the trip to Read. Most of the participants were not interested in receiving credit and did not take the trip as a university course. Since 1962, petitioner has taken advantage of the university courses and has accumulated a total of 42 semester hours. Although she was registered as a "non-degree" student during 1967, petitioner was entertaining the idea of obtaining a doctorate in comparative education at some undetermined time in the future. Petitioner was a participant in a trip to various Communist countries which took place *321 in the summer of 1967. Like the previous trips, this trip was described in the letter sent to prospective participants as "A Seminar and Field Study." The trip was specifically entitled "Contrasts in Education and Life." The trip was open to anyone interested in the culture of the countries to be visited, and married couples were invited to apply. The above-mentioned letter stated that "Applications are filed numerically as received and selection is avoided." It further stated: We shall plan for about 100 participants. Our experience is that such a group is easily managed and calls for the red carpet treatment by the host country. It also enables participants to form small interest groups which are very beneficial for small seminars. As in previous years, the participants in the 1967 trip were almost all educators, including both classroom teachers, administrators and other educational specialists. Ninety-four people actually went on the trip. All were educators with the exception of five spouses, one student, and a newspaper business manager. Petitioner's husband was not on the tour. About 12 of the people who took the trip, including the petitioner, intended to receive credit *322 at Kent State University. The participants were from all over the United States and Canada. The itinerary of the 1967 trip was as follows: Departure from New York City, N. Y.
June 27
East Berlin, East Germany
28
Moscow, U.S.S.R.
July 4
Irkutsk, Siberia
10
Bratsk, Siberia
Ulan Bator, Outer Mongolia
16
Alma Ata, Kazakhstan
20
Kabul, Afghanistan
23
Tashkent, Uzbekistan
27
Samarkand, Uzbekistan
29
Sofia, Bulgaria
August 1
Depart for New York City
10
On each day of this tour the group listened to lectures and participated in seminars for approximately three or four hours. In addition they visited the elementary schools, high schools, and universities in each area. Occasionally smaller special interest groups were formed to focus attention on one of these three levels of education. During the remainder of the day the group was escorted to museums and other places of cultural interest by members of the local planning committee. Very little time was available for individual excursions away from the group. No portion of the amount claimed as a deduction by petitioner was for expenses attributable to her few personal activities. 188 Throughout *323 the 1967 trip petitioner took regular notes on what she heard and observed, took hundreds of photographs and slides and collected various artifacts. She used this information when she prepared her written account of the trip for the purpose of obtaining credit for her course in comparative education at Kent State University. She also gave lectures on her trip and showed the photographs, slides and artifacts to the children in the Ohio public schools for which she was an administrative supervisor. Petitioner seriously considered the "seminar and field study" of 1967 as an educational experience. She received a B as her grade in the comparative education course based on the trip. Her studious approach to this subject was later exemplified in April, 1969, when she presented a paper to the Comparative Education Society entitled "Social Studies in the 1970's." In this paper she compared foreign methods for the instruction of courses in social studies with those employed in the United States. The knowledge which petitioner gained from the trip helped her to better perform her job duties - the development of courses of study and the selection of curriculum materials. The firsthand knowledge *324 which she thereby obtained was particularly valuable in planning social studies courses relating to countries which she visited. Petitioner paid the basic cost of the 1967 trip from New York City and return, to Read. Other expenses incurred were not deducted and the following letter was attached to petitioner's return: Comparative Education Society Kent, Ohio August 16, 1967 Dear Participants: For the purpose of listing for your expenses for participation in the Seminar and Field Study, June 27-August 10, 1967, I am herein providing each of you with what can be called basic personal expenses which the Society recognizes as educational expenses. This was in no sense a tour. Instead it involved attendance in seminars and on field trips as planned and directed by each of the Ministries of Education. Any other personal expenses that you have had cannot be considered as education expenses. Air fare
$1,138
Meals and local transportation
612
Lodging
430
Seminars and lecture costs 277
TOTAL EDUCATIONAL EXPENSE
$2,195 [1]
*325 Sincerely yours, Gerald H. Read, Director of the Seminar In his notice of deficiency for 1967, respondent disallowed this deduction in full. Ultimate Finding of Fact The major portion of the "seminar and field study" in which petitioner participated during the summer of 1967 constituted education which both maintained and improved skills required in her job. Opinion Petitioner contends that $2,195 of the total cost of her trip to various Communist countries with a group of educators during the summer of 1967 constitutes a deductible education expense. She relies on section 1.162-5, Income Tax Regs., as amended by T.D. 6918, 1967-1 C.B. 36. These amended regulations are made applicable at a taxpayer's election to years prior to 1968 by Rev. Rul. 68-191, 1968-1 C.B. 67. They provide, in pertinent part, as follows: Sec. 1.162-5 Expenses for Education. - (a) General rule. - Expenditures made by an individual for education (including research undertaken as part of his educational program) * * * are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education - (1) Maintains or improves *326 skills required by the individual in his employment or other trade or business, * * * (d) Travel as a form of education. - Subject to the provisions of paragraph (b) and (e) of this section, expenditures for travel (including travel while on sabbatical leave) as a form of education are deductible only to the extent such expenditures are attributable to a period of travel that is directly related to the duties of the individual in his employment or other trade or business. For this purpose, a period of travel shall be considered directly related to the duties of an 189 individual in his employment or other trade or business only if the major portion of the activities during such period is of a nature which directly maintains or improves skills required by the individual in such employment or other trade or business. The approval of a travel program by an employer or the fact that travel is accepted by an employer in the fulfillment of its requirements for retention of rate of compensation, status or employment, is not determinative that the required relationship exists between the travel involved and the duties of the individual in his particular position. * * * Respondent argues *327 that the cost of the petitioner's trip is a nondeductible personal expense under section 262, I.R.C. 1954. Petitioner contends her expenses are deductible under the above regulations, arguing that the major portion of her activities on the trip directly maintained or improved skills required by her in her employment. We agree with the petitioner. Her travel in 1967 was directly related to her professional duties in her employment. The tour was originated and sponsored by educators and members of the teaching profession for the benefit of teachers, educators and school administrators who were interested in comparative education. Although many places of cultural interest were visited, the major portion of the trip amounted to an intensive examination of the methods of education found in various Communist countries. The tour group attended lectures and seminars conducted by leading educators from the countries visited for three or four hours each day. The members of the group also visited the elementary schools, high schools, and universities in each area, and often formed smaller groups for those who wanted to focus attention on any one of these three levels of education. Petitioner *328 received credit for the tour as a course in comparative education at Kent State University. She took the course seriously - she took regular notes on the information which she obtained, read several books, and received a B for her grade in the course. As an administrative assistant to the supervisor of the Green Local Schools, petitioner was required to develop courses of study and select curriculum materials for five elementary schools. She contends that the knowledge which she gained from the trip helped her to better perform these job duties. We find this contention entirely credible. Petitioner observed and studied the educational methods employed in the foreign countries that she visited and compared them with her own methods and those generally used in the United States. A direct benefit which results from such a course of study is the increased ability to improve upon one's own methods by analyzing them from the varying points of view held by foreign educators. We think that the petitioner's travel in 1967 was a form of education directly related to her duties with the Green Local Schools; the major portion of her activities during the tour directly maintained and improved *329 her skills, required by her in her employment. The expense thereof is therefore deductible as an ordinary and necessary business expense for education. See section 1.162-5, Income Tax Regs., as amended by T.D. 6918, 1967-1 C.B. 36. We therefore conclude and hold that petitioner's expenditure in 1967 of $2,195 for her trip to the Communist countries is a deductible education expense, and respondent's determination disallowing the amount claimed cannot be upheld. Decision will be entered for the petitioner. Footnotes
1. The record does not disclose why the total of $2,195 is not the correct total of the itemized expenses which add to $2,457.↩